UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

In the matter of the search of a USPS
Mail Parcel identified by
tracking # 9505 5121 0431 9196 2368 17
addressed to:
ELIOT SHAW
804 OAK ST
JOHNSON CITY, TN 37601

Case No. 2:19-mj- 205

## AFFIDAVIT

I, Jedidiah Hutchison, being duly sworn, hereby depose and say:

1. I am a Postal Inspector with the United States Postal Inspection Service. I have been employed in this capacity since 2010. I am currently assigned to the United States Postal Inspection Service Office in Chattanooga, Tennessee. I am responsible for investigating crimes involving the United States Postal Service ("USPS"), its employees, and its customers. These crimes include but are not limited to employee assaults, mail fraud, mail theft, identity theft, and prohibited mailings including child pornography and illegal narcotics.

2. I am a Law Enforcement Officer under the authority of Title 18, United States Code, Section 3061. As such, I am authorized to make arrests with or without warrants for offenses made in my presence or when I have reasonable grounds to believe the person has committed or is committing a felony against the United States. I am also authorized under this statute to carry firearms and make seizures of property as provided by law.

3. From my training and experience, I know that the United States Postal Service is frequently used to transport illegal narcotics to areas throughout the United States. I am also aware that the United States Postal Service is used to send the proceeds relating to narcotics distribution back to the narcotics source of supply. I also know that the reason drug traffickers

1

use the United States Mail to ship controlled substances and their proceeds is because of the speed and protection afforded the United States Mail.

4. Title 21, United States Code, Section 841 makes it an offense for any person to manufacture, distribute, or possess with intent to manufacture or distribute, a controlled substance. Title 21, United States Code, Section 843(b) makes it an offense for any person knowingly or intentionally to use any communication facility in committing or in causing to facilitate the commission of any act or acts constituting a felony under any provisions of Subchapter I or Subchapter II of the Drug Abuse Prevention and Control Act. Title 21, United States Code, Section 846 makes it an offense to conspire to commit an offense set out in Title 21, Chapter 13, Subchapter I. Title 18, United States Code, Section 1342 makes it illegal to receive mail matter or parcels addressed to fictitious names while carrying on unlawful business.

5. To combat the distribution of illegal narcotics and their proceeds, certain investigative techniques are utilized by Postal Inspectors. What follows is not meant to set forth all exhaustive investigative knowledge of this case or investigative techniques used, but only those facts necessary in order to establish probable cause.

**RELEVANT FACTS**

6. As referenced herein, the "Darknet" is a term describing a series of unindexed or hidden networks that are not readily open to public view, including certain web pages requiring a user to access them through an anonymized browsing platform such as Tor. Darknet Marketplaces ("DNMs") are sites requiring such anonymized access, and I know from my training and experience that certain DNMs allow individual users (operating under pseudonyms) to market products, including illicit drugs, for sale.

7. Law enforcement is engaged in an active investigation of a known, large-scale alprazolam dealer ("Vendor 1"),[1] who maintains a virtual "storefront" on various DNMs. Vendor 1 advertises various quantities and kinds of alprazolam for sale on DNMs and appears to use various individuals as "re-shippers" for his/her alprazolam distribution network. I know from my training and experience that alprazolam is a controlled substance in the benzodiazepine class of drugs. Alprazolam is sold and marketed under the tradename "Xanax," among others.

8. On or about January 22, 2019, while working in an undercover capacity, I contacted Vendor 1 using Wickr, an electronic application allowing for the transmission of encrypted messages between parties, and requested a free sample of the alprazolam Vendor 1 advertised on a DNM, notionally to test the product he offered. From my training and experience, I know that Wickr is routinely used by Darknet drug distributors to arrange the payment and logistics of drug transactions. I further know that Darknet drug distributors will use Wickr – rather than a DNM's own payment system – to facilitate drug transactions to avoid paying a commission to the DNM on which the product may be advertised.

9. As a result of my inquiry, on or about January 25, 2019, I received two parcels from Vendor 1. One of the two parcels bore the following hand-written return address: Josh Betts, 23 Elm St, Lynn, MA 01902.

10. The parcel referenced above contained 10 pills: five white and five yellow. The pills were consistent with the alprazolam marketed by and described by Vendor 1, and they bore markings consistent with counterfeit Xanax/alprazolam. These pills were sent for qualitative and quantitative analysis to both DEA and Pfizer laboratories for testing.

---

[1] I have identified Vendor 1, but I am referring to this person as Vendor 1 because providing the actual name and identity of Vendor 1 in this affidavit would jeopardize the on-going investigation and interfere with law enforcements ability to identify all conspirators in the offenses described below.

11. On or about February 19, 2019, I contacted Vendor 1 via Wickr and placed an order for 1,000 white alprazolam pills. I sent him approximately $800 in digital cryptocurrency as payment.

12. On or about February 27, 2019, I received a parcel bearing the hand-written return address of Josh Betts, 23 Elm St, Lynn, MA 01902. The parcel contained a bag of white pills weighing approximately 356.8 gross grams. United States Postal Inspection Service along with DEA both have policies regarding the seizure of a large quantity of pills that require agents to weigh pills rather than count them individually. The weight and appearance of the pills was consistent with the 1,000 illicit alprazolam pills I ordered from Vendor 1.

13. On or about Friday July 12, 2019, I placed an order with Vendor 1, again using cryptocurrency as payment. This time, the order was placed on a DNM that I was able to access using an anonymizing web browser.

14. On or about Tuesday, July 16, 2019, using internal USPS databases, I learned that a parcel had been mailed the day prior to the Post Office box that I provided to Vendor 1 as the address to which the alprazolam should be shipped. The Post Office box is an undercover Post Office box opened for the purpose of receiving DNM orders. The parcel bears the return address "Josh Betts, 111 Euclid Ave, Lynn, MA 01902."

15. On or about Wednesday, July 17, 2019, I received the parcel sent to my undercover Post Office box. Inside the parcel was a plastic bag of what appeared to be 250 yellowish in color pills containing the stamp "R039". "R039" is the stamp normally found on 2mg Alprazolam pills.

16. USPS databases further showed that that the parcel's mailing was paid for by cash on July 15, 2019, at 12:30 PM, from a Post Office in Massachusetts. This same cash transaction

involved the shipment of multiple additional parcels, as well. One such parcel (the "Target Parcel") was addressed to a recipient in the Eastern District of Tennessee as follows:

17.  FROM:  
    JOSH BETTS  
    111 EUCLID AVE  
    LYNN, MA 01902

TO:  
    ELIOT SHAW  
    804 OAK ST  
    JOHNSON CITY, TN 37601

18. I know from my training and experience that Darknet drug distributors will collect orders for illicit substances and ship multiple packages containing those substances to various destinations at a given time.

19. I reviewed the shipping information of the ELIOT SHAW parcel and noticed that it was sent in the same type of box as my UC purchase, that is, a USPS Small Flat Rate Box. Both my UC purchase, along with the ELIOT SHAW parcel contain $7.90 in postage. Additionally both packages contain hand-written labels, and based on writing similarity, both appear to have been written by the same person

20. Using public and law enforcement databases, I searched for the recipient "Eliot Shaw" at the address on the Target Parcel. I discovered an individual named "Elliott Shaw" at the listed address. Law enforcement databases indicate that Elliott Shaw was arrested in January 2018 for manufacture of methamphetamine by the Unicoi County Sheriff's Office and in May 2019 "PWISD Counterfeit CS," by Madison County Sheriff's Office among other criminal charges. The disposition of these charges was not listed.

21. I performed a search on a law enforcement database for current residents at 111 Euclid Ave., Lynn, MA and discovered the actual zip code should be "01904" not the listed 01902." Further, while 111 Euclid Ave is a real address in Lynn, Massachusetts, law

5

enforcement and public databases did not affiliate that address with the name "Josh Betts" (i.e., the listed sender on the Target Parcel and on the past shipments identified above). It is common for narcotics traffickers to use incomplete or erroneous return addresses in order to conceal the identity of the sender. It should further be noted that I was unable to find anyone by the name "Josh Betts" in Lynn, MA.

22. Law enforcement often will employ K-9 inspections when a package is suspected of containing controlled substances. I have not employed this technique for the package in question for two reasons. First, the synthetic nature of the controlled substances that are involved in this investigation likely would yield a negative K-9 hit, even if controlled substances are present. This is because very few K-9s are trained to detect synthetic drugs. Second, I am aware of an ongoing case in the Eastern District of Tennessee that investigators believe is connected to this case. One of the suspects in that investigation stated that his Xanax pills contained fentanyl. This suspect also had a picture of pills next to a presumptive positive field test kit for fentanyl. Exposing a K-9 to the potential, adverse health risks associated with fentanyl makes this technique impracticable.

23. Based on the facts set forth in this affidavit, I believe there is probable cause to believe that the above mentioned parcel contains controlled substances, currency, paraphernalia, or other evidence that relates to trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance), 843(b) (unlawful use of a communication facility, including the U.S. Mails, to facilitate the distribution of a controlled substance) and 846 (conspiracy to distribute controlled substances and to unlawfully make use of communications facilities in doing so).

24. Because immediate notification of the existence or execution of the applied-for warrant may have an adverse effect – including by giving targets an opportunity to destroy evidence, flee from prosecution, change patterns of behavior, or influence – the undersigned respectfully requests that the Court order required notice of this warrant be delayed for a period of 30 days.

FURTHER AFFIANT SAYETH NOT.

Jedidiah Hutchison
Postal Inspector
United States Postal Inspection Service

Subscribed and sworn to before me this 18th day of July, 2019.

Hon. Dennis H. Inman,
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

In the matter of the search of a USPS
Mail Parcel identified by
tracking # 9505 5121 0431 9196 2368 17         Case No. 2:19-mj- 205
addressed to:
ELIOT SHAW
804 OAK ST
JOHNSON CITY, TN 37601

## ATTACHMENT A

### DESCRIPTION OF THE PROPERTY TO BE SEARCHED

USPS Mail Parcel identified by tracking # 9505 5121 0431 9196 2368 17 addressed to:

ELIOT SHAW
804 OAK ST
JOHNSON CITY, TN 37601

that is now in the custody of the United States Postal Service.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

In the matter of the search of a USPS
Mail Parcel identified by
tracking # 9505 5121 0431 9196 2368 17    Case No. 2:19-mj- 205
addressed to:
ELIOT SHAW
804 OAK ST
JOHNSON CITY, TN 37601

## ATTACHMENT B

### LIST OF ITEMS AUTHORIZED TO BE SEARCHED FOR AND SEIZED PURSUANT TO SEARCH WARRANT

1. One US Mail Parcel described above.

2. Books, photographs, records, receipts, notes, ledgers and other papers which show the transportation, ordering, purchase, distribution, possession, sale or manufacture of controlled substances;

3. Address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers, written or typed by hand as opposed to printed commercially;

4. Letters, records, computerized and electronic records, receipts, bank statements and records, money drafts, letters of credit, wire transfers, safe deposit box keys, money order and cashier's check receipts, passbooks, bank checks, and other items that reflect the expenditure, obtaining, secreting, transfer or concealment of drug proceeds;

5. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, notes and other documents showing an accumulation of assets, wealth, or money to the extent that these items are found in such quantity, substance and/or quality as to permit a reasonable inference that such items are proceeds of drug trafficking;

6. Controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing, and distributing controlled substances, but not limited to scales, baggies, and packing material;

7. Indicia of occupancy, residency, and/or ownership of the premises described above and other real property, including but not limited to deeds, utility and telephone bills, canceled envelopes, and keys;

8. Papers, tickets, notes schedules, receipts and other documents relating to travel to and from drug source areas and drug distribution areas;

9. Any and all other material evidence of violations of 21 U.S.C. §§ 841, 843, and 846, which include attempt and possession with intent to distribute and distribution of controlled substances and importation of a controlled substance from a foreign country.